865 F.2d 257
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John C. COLWELL, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 88-3297.
 United States Court of Appeals, Sixth Circuit.
 Dec. 15, 1988.
 
 Before MILBURN and ALAN E. NORRIS, Circuit Judges, and RICHARD F. SUHRHEINRICH, District Judge*.
 PER CURIAM.
 
 
 1
 Claimant John Colwell ("Colwell") appeals the granting of summary judgment affirming the decision of the Secretary of Health and Human Services to deny him disability benefits. For the following reasons, we affirm.
 
 
 2
 Colwell first applied for disability on November 23, 1979, alleging disability since November 1978, due to a duodenal ulcer and a nervous condition. On July 31, 1980, Colwell fractured his spine at the tenth and eleventh thoracic vertebrae in a motorcycle crash. He underwent a posterior spinal fusion with Harrington rods. He was later placed in a body cast and eventually released from the hospital.
 
 
 3
 An Administrative Law Judge ("ALJ") conducted a hearing on Colwell's initial application on October 2, 1980. On January 27, 1981, the ALJ issued a decision denying Colwell's application. The Appeals Council affirmed, and this became the final decision of the Secretary of Health and Human Services ("Secretary"). Thereafter, Colwell submitted additional medical evidence to the Appeals Council, but the Council stood by its previous decision.
 
 
 4
 Pursuant to 42 U.S.C. Sec. 405(g), Colwell filed a civil action in the United States District Court for the Southern District of Ohio. On January 9, 1984, the district court remanded the case to the Secretary. A second hearing was held on September 4, 1984. On November 15, 1984, the ALJ issued a decision finding Colwell's back impairment to be of listing severity and rendering him disabled as of July 31, 1980.
 
 
 5
 The Appeals Council did not adopt the ALJ's decision. Instead, it found Colwell's back impairment was of listing severity for the closed period from August 1, 1980, to October 28, 1981. Thereafter, it found Colwell capable of performing light work and not disabled according to the medical-vocational guidelines ("grids").
 
 
 6
 Colwell's action for judicial review was then reopened in the district court. On January 6, 1987, the district court remanded the case to the Secretary for an award of a closed period of benefits for the time between August 1, 1980, to October 28, 1981. But because the court's record of the administrative proceedings had been discarded, the court retained jurisdiction over the case to decide whether the Secretary's denial of additional benefits was based on substantial evidence following refiling of the administrative record. On March 3, 1988, the district court issued an order granting the Secretary's motion for summary judgment because substantial evidence supported the decision that Colwell was not disabled as of October 29, 1981. Colwell filed a timely notice of appeal.
 
 
 7
 Colwell, born December 1, 1953, was twenty-eight years old when his insured status expired on December 31, 1981. He is approximately five feet, six inches tall and weighs approximately 170 pounds. He attended school through the ninth grade. He testified that he did not see a doctor between 1981 and 1984. He testified he used a self-prescribed cane and a back brace he obtained from a friend. He testified Tylenol relieved his pain. He stated he has been in constant pain since 1981 and is continually plagued with stomach pains, indigestion, nausea, and diarrhea.
 
 
 8
 After careful consideration of the testimony of the witnesses, including Colwell, and his medical records and test results, the briefs filed herein, oral argument and the record as a whole, we agree with the district court that the Secretary's final decision is supported by substantial evidence. Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 Honorable Richard F. Suhrheinrich, United States District Court, Eastern District of Michigan, sitting by designation